PHILLIP M. ADLESON (SBN 69957)
PAMELA A. BOWER (SBN 151701)
**ADLESON, HESS & KELLY, APC**
577 Salmar Avenue, Second Floor
Campbell, California 95008
Telephone: (408) 341-0234
Facsimile: (408) 341-0250

**Attorneys for**: Plaintiff HOWARD B. ALLAN

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>JAVED WAHAB,<br>SSN: xxx-xx-0300<br><br>    Debtor.<br><br>HOWARD B. ALLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>JAVED WAHAB,<br><br>    Defendant. | Chapter 7 Case No. 08-41153 LT<br><br><br><br>**Adv. Proc. No: 08-4128-AT** |

## DECLARATION OF PLAINTIFF HOWARD B. ALLAN

## <u>IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT JUDGMENT</u>

I, HOWARD B. ALLAN, declare as follows:

1. I am the plaintiff in the above-entitled adversary proceeding and make this declaration in support of my application for entry of a default judgment. If called upon to testify in this matter, I could, and would, testify to the same from my own personal knowledge, except for those matters, which are based on my personal information, and belief, which I believe to be true.

2. In December 2000, Michael P. Murphy and I formed a business known as A&M Automotive Investments, Inc., a corporation formed for the purpose of selling and servicing

Mitsubishi vehicles. This entity owned and operated a Mitsubishi dealership under the name of Hayward Mitsubishi in Hayward, California.

3. In early 2003, Debtor/Defendant Javed Wahab (herein "Wahab" or "defendant") was hired by A&M Automotive Investments, Inc. as the General Manager of Hayward Mitsubishi. Soon thereafter, defendant Wahab expressed a desire to purchase the business. Over the course of 2003, numerous discussions were had among Mr. Murphy, defendant Wahab, and me concerning potential scenarios under which defendant Wahab might purchase the business.

4. After extensive negotiations, Mr. Murphy and I agreed to sell the corporation and its interest in the dealership to defendant Wahab. Wahab brought on board two partners, Zulfigar ("Ali") Shiraze ("Shiraze") and Mustafa Akbar ("Akbar"). In January 2004, the parties entered into an agreement for the purchase and sale of A&M Automotive Investments, Inc. The agreement called for defendant and his partners to purchase the corporation in exchange for a cash payment. (See **Exhibit A**, a true and correct copy of the Stock Sale and Purchase Agreement.)

5. At the close of escrow, defendant and his partners were unable to come up with the full cash purchase price. Because they were short by $450,000, defendant Wahab and his partners offered to give promissory notes secured by a deed of trust, for the amount of the shortfall.

6. Mr. Murphy and I agreed, in lieu of the cash payment required by the Stock Sale and Purchase Agreement, to each accept notes in the amount of $225,000.00 (for the total shortfall of $450,000.00), with each note secured by real properties that the respective obligors represented they owned. My agreement to accept the notes in lieu of cash was conditioned on my note (in the amount of $225,000) being secured by a valid and enforceable deed of trust on the properties of defendant and his two partners. I would not have closed escrow, nor would I have sold the business to defendant, if the security being offered were not, in fact, available to secure my note.

ADLESON, HESS &
KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM

DECLARATION OF PLAINTIFF HOWARD B. ALLAN IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT JUDGMENT    Page 2

7. Both in the course of negotiating the terms of the notes and deed of trust and after execution of the notes and deeds of trust, defendant Wahab represented that, for value received in the form of the Mitsubishi dealership business franchised by A&M Automotive Investments, Inc., he would pay me the principal sum of $225,000.00 with interest from May 1, 2004 at the rate of 10% (ten percent) per annum by May 1, 2007. (See **Exhibit B**, a true and correct copy of the Promissory Note dated April 29, 2004.)

8. Defendant Wahab further represented that he would be jointly and severally liable on the note, and that the note would be secured by a deed of trust recorded on the real property of defendant and that of both of his partners. (See **Exhibit B**.) Defendant further represented that he and his partners were authorized to give their properties as security for the obligations in the note, and defendant also represented that each of the three properties was valid security for the obligations in the note and that each property was actually owned by the person giving the property as security. Defendant dealt directly with his partners and coinvestors, Shiraze and Akbar, and in turn represented to me that he had personally arranged to obtain their signatures on the note and deed of trust, and that the notes and deed of trust had been in fact signed (and the deed of trust acknowledged) by Shiraze and Akbar.

9. On or about April 29, 2004, defendant Wahab delivered the executed promissory note to me. (See **Exhibit B**.) To secure payment of the principal sum in the amount of $225,000, together with interest and the other obligations under that note, and as part of the same transaction, defendant Wahab delivered the executed deed of trust naming me as one of the beneficiaries. (See **Exhibit C**, a true and correct copy of the executed Deed of Trust recorded in Alameda County.)

10. The deed of trust was recorded on all three properties, including defendant Wahab's property commonly known as 32590 Point Lobos Court, Union City, County of Alameda, California; Mustafa Akbar's property commonly known as 5352 Tacoma Commons, Fremont, County of Alameda, California; and Ali Shiraze's property commonly known as 882 Hamilton Drive, Pleasant Hill, County of Contra Costa, California. The deed of trust identifying all three properties was recorded on June 10, 2004, as Instrument No. 2004259643 in the

ADLESON, HESS &
KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM

DECLARATION OF PLAINTIFF HOWARD B. ALLAN IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT JUDGMENT   Page 3

Official Records in the Office of the Recorder, County of Alameda, California. (See **Exhibit C**.) In addition, a counterpart of the subject deed of trust was also recorded on June 10, 2004, as Instrument No. 2004-0221831 in the Official Records in the Office of the Recorder, County of Contra Costa, California. (See **Exhibit D**, a true and correct copy of the Deed of Trust recorded in Contra Costa County.) However, the deed of trust which was to be secured by the Wahab property was not ever picked up in the county records because the legal description was defective.

11. When defendant Wahab delivered the fully executed note and deed of trust to me, both documents appeared to have been signed by defendant and his two partners. (See **Exhibits B, C and D**.) The documents bore signatures for all three individual signers. Defendant represented that he and his partners had signed the note and the deed of trust securing the indebtedness. Both the note and the deed of trust delivered by defendant Wahab to me appeared to have been properly signed, and the deed of trust bore the notary stamp and signature of Wahab's spouse, one Lydia M. Wahab, then a Notary Public in the County of Alameda. (See **Exhibits B, C and D**.) I am informed and believe that Lydia M. Wahab is no longer a Notary Public, and my extensive efforts to locate Mrs. Wahab have been unsuccessful thus far. I am informed and believe that Lydia M. Wahab did not return her Notary Book to the county recorder, as required upon expiration of a notary's commission.

12. The representations made by defendant Wahab regarding the deeds of trust were, in fact, false. The true facts, which defendant Wahab concealed from me, were that defendant Wahab did not intend to pay me the sum of $225,000.00 with interest. This is evidenced by the fact that defendant Wahab <u>twice</u> refinanced and conveyed his property without notice to me and without my consent, knowing that he had given me a deed of trust which was to be recorded on and secured by his property. He did nothing to make certain that I was paid from these refinances. (See **Exhibit E**, true and correct copies of two Deeds of Trust executed by defendant, one in favor of Long Beach Mortgage Company, dated 10/1/2004 and the other in favor of Cal State 9 Credit Union, dated 6/22/2005.) This is further evidenced by the fact that defendant Wahab now denies that any debt was ever owed, even though defendant signed the

note and deed of trust (see **Exhibit F**, true and correct copies of portions of Recorded Statement of Javed Wahab taken by Richard Bowles, Esq., on 11/19/07, at 12:9-14, 14:16-25), and even though prior to giving the above statement, Wahab confirmed in writing that he owed the amounts set forth in the note. (See **Exhibit G**, Emails between 6/8/06 and 6/14/06 between Wahab and plaintiff Howard "Bud" Allan.)

    13.    Defendant Wahab fraudulently represented that he was giving me a note amply secured by three properties – security that he himself personally arranged to obtain – when the true fact is that he never intended to secure the obligations in the note. This is evidenced by several facts discovered after Wahab's default on the note, or after I commenced the state court litigation.

    a.    First, as set forth above, defendant Wahab refinanced the property he offered as security, thus encumbering the property further, without notice to me. (See **Exhibit E**.) In that process, Wahab gave a deed of trust on the same property given to secure my note to Long Beach Mortgage Company. (See *id.*) Wahab did not ensure that I was paid by these refinances.

    b.    Second, Wahab arranged for his partner, Shiraze, to provide his real property, located at 882 Hamilton Drive in Pleasant Hill, as security for the debt, and represented that Shiraze owned and could give that property as security. The true facts discovered after Wahab defaulted on the note are that Shiraze could not give the property as valid security for the obligations in the note, because the property was owned solely or as community property by Shiraze's spouse (see **Exhibit H**, a true and correct copy of Grant Deed dated 11/15/2001), who did not consent to the encumbrance.

    c.    Third, Wahab arranged for his other partner, Akbar, to provide his real property, located at 5352 Tacoma Commons in Fremont, as security for the debt and represented that Akbar also owned and could give the property as security. Wahab further represented that Akbar had executed the note and deed of trust giving his property as security. However, the true facts discovered after Wahab defaulted on the note are that Akbar did not actually own the Tacoma Commons property at the time it was conveyed to me in April 2004.

(See **Exhibit I**, a true and correct copy of Grant Deed dated 10/8/2004.) Moreover, according to sworn discovery responses by Akbar (which I have personally read) in state court litigation arising out of the above transactions (Alameda County Superior Court Action No. RG 07345433), Akbar never executed the note or deed of trust, but rather, his name was **forged** on those documents. (See **Exhibit J**, a true and correct copy of Mustafa Akbar's Responses to Special Interrogatories.) As mentioned, Wahab represented he would be responsible for obtaining the signatures and acknowledgments of Shiraze and Akbar, and in fact delivered the documents purportedly properly executed to me. However, as a result of the alleged forgery of Akbar's signature on the note and the deed of trust, it is alleged that the Akbar property is not valid security for the obligations in the note. The alleged forgery of Akbar's note and deed of trust was accomplished despite the fact that the deed of trust purporting to bear Akbar's signature was <u>notarized</u> by defendant's spouse Lydia M. Wahab. (See **Exhibit C**.)

14. Thus, the note and deed of trust given by Wahab to me were procured both by fraud in the inducement and fraud in the execution. Wahab, either acting alone or in concert with Shiraze, Akbar and/or Lydia M. Wahab, defrauded or conspired to defraud me out of the monies owed on the note by falsely representing that valid security was given for the obligations in the note and by falsifying the note and deed of trust, even going to far as to have the deed of trust falsely notarized. All of these actions were done intentionally and fraudulently.

15. When defendant Wahab made the representations set forth herein, he knew them to be false, and he made them with the intent to induce me into accepting the note and deed of trust in lieu of the cash payment called for in the agreement. The above facts make it clear that defendant never intended to pay the note in full, despite his repeated express promises to do so. Further, defendant did not intend to give any valid security for the obligations in the note, again despite express representations to the contrary. Wahab defrauded and/or conspired with Shiraze, Akbar and Lydia M. Wahab to defraud me of the monies owed under the Stock Sale and Purchase Agreement.

16. At the time the representations were made by defendant, and at the time I agreed to accept the note and deed of trust in lieu of cash, I was unaware that these representations

ADLESON, HESS & KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM

were false. In reliance on these representations, I was induced to, and did, accept the note and deed of trust in lieu of the cash payment called for in the agreement. Had I known the actual facts, I never would have consented to accept the note and deed of trust in lieu of cash.

17. As a proximate result of defendant's fraud and deceit, I was damaged in the following amounts: the principal balance of $225,000.00, plus interest of $63,123.29 (calculated based on the interest rate of 10% per annum from and after the date of default on the note, January 1, 2006, through the date of filing of the request for entry of judgment, October 21, 2008), and I was also forced to incur attorneys' fees of $80,575,35 and costs of $5,437.58 in my efforts to obtain the sums due under the note, in both state court proceedings and this adversary proceeding. (See **Exhibit K**, Invoices from Adleson, Hess & Kelly, P.C.) I have paid all attorneys' fees charged to me pursuant to the invoices attached, except for the most recent charges incurred during the month of October, which will be paid promptly upon receipt of the October invoice. My attorney has signed a separate declaration concerning the necessity and reasonableness of the fees charged for the work performed. Importantly, the promissory note expressly provides for an award of attorneys' fees in the event of default on the note. (See **Exhibit C**.)

18. In doing the acts herein alleged, defendant acted despicably and with the intent to defraud me, and I therefore request an award of punitive damages be assessed by the Court. I believe punitive damages in the amount of $100,000 would be sufficient to deter plaintiff from engaging in such fraudulent conduct in the future.

19. The damages I suffered at the hands of defendant resulted from defendant's fraudulent conduct in inducing me to accept the note and deed of trust, when defendant had no intention of making payment under the note.

20. My damages also resulted from defendant's fraudulent conduct in assuring me that his property and the properties of his partners stood as valid security for the note given, when none of the properties was viable security for the promises contained in the note.

21. My damages also resulted from defendant's fraudulent conduct in representing to me that the note and deed of trust had been properly executed by all three individual signers.

ADLESON, HESS &
KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM

DECLARATION OF PLAINTIFF HOWARD B. ALLAN IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT JUDGMENT    Page 7

Defendant Wahab delivered the note and deed of trust to me with the representation that each had been properly executed. The presence of the notary stamp was included in an effort to induce me to believe they had been properly executed. However, at least one of defendant Wahab's partners, Mustafa Akbar, declared in sworn discovery responses that his signatures on the note and deed of trust were forged. Defendant Wahab made these fraudulent representations without reasonable grounds for believing them to be true. Further, the note and deed of trust are alleged to be materially false in that they contained forged or falsified signatures of Akbar. (See **Exhibit J**; see also **Exhibit L**, the deed of trust purportedly signed by Akbar, for comparison of signatures.) Defendant Wahab knew at the time he returned the documents to me that they had not been fully executed or properly notarized, and he provided the same to me with the intent to deceive me.

22. Defendant's fraudulent and deceitful conduct is not subject to discharge under Section 523(a)(2)(A), Section 523(a)(2)(B) and 523(a)(6) of the Bankruptcy Code.

23. I request that judgment be entered in my favor against defendant Javed Wahab, as follows:

| | |
|---|---:|
| Principal amount owed on note: | $225,000.00 |
| Interest (10% per annum) from 1/1/06-10/21/08: | 63,123.29 |
| Attorneys' Fees: | 80,575.35 |
| Court Costs (State Court and Bankruptcy Court) | 5,437.58 |
| Punitive Damages: | 100,000.00 |
| **TOTAL JUDGMENT REQUESTED:** | **$474,136.22** |

Respectfully submitted,

Dated: October 21, 2008

Howard B. Allan

ADLESON, HESS & KELLY, APC
577 SALMAR AVE., 2ND
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
www.ahk-law.com

PLAINTIFF HOWARD B. ALLAN'S DECLARATION IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT JUDGMENT  Page 8

**COURT SERVICE LIST**

No recipients.